BESSIE STERN, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ISAAC STERN, DECEASED, PLAINTIFF, v. FRANK BRABSON AND ABRAHAM B. COHEN, DEFENDANTS.

Submitted October term, 1930—Decided May 15 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Bernard Freedman.*

*Contra, Jacob L. Newman.*

PER CURIAM.

The defendant Cohen has a rule for new trial in a case growing out of an automobile accident which resulted in the death of Isaac Stern, whose administratrix *ad prosequendum* brings this action. The reasons argued on the rule are that there should have been a nonsuit; that the verdict is against the weight of the evidence as to the negligence of the defendant and the contributory negligence of the deceased.

On the question of nonsuit, the learned trial judge was entirely right in refusing it, and we think the verdict should not be disturbed on the weight of the evidence either on the question of negligence or on that of contributory negligence. There is little dispute in the facts.

The whole of the testimony as to the accident came from the defendant Cohen and a policeman who was riding in

the car with him. From this testimony the jury could find that Stern, on a drizzly night, holding an umbrella over his head, was proceeding easterly across Tenth street, in Newark, at the crosswalk on the north side of Clinton street. Cohen was driving in a westerly direction on Clinton street, and reaching Tenth, he blew his horn and turned into that street. As he did so the righthand side of the car struck Stern causing injuries from which he died.

The significant facts stand out that Cohen was proceeding west on a street different from the one deceased was attempting to cross on foot. When deceased attempted to make the start across the street there was nothing in his path; no reason to apprehend that a vehicle would dispute his right of way, which, at the crosswalk, was paramount. When the car made the turn into Tenth street on a drizzly night it was incumbent on the driver to exercise care commensurate with the circumstances to see that the crossing was clear. This we think it was open to the jury to find that he did not do. On the other hand it can hardly be said as a matter of law that the deceased was under a duty to anticipate that his right of passage would be disputed. Cars normally proceed longitudinally; they do not turn at every crossing or intersection, although liable to do so at any. The mere sounding of a horn when the deceased was four or five feet into the highway using the crosswalk could not be said as a legal proposition to be warning that the vehicle would turn in that direction in the face of the pedestrian's higher right. Under all the circumstances of the case we think it cannot be said that there was no proof of negligence in the operation of the car, or that the deceased was so clearly guilty of contributory negligence that a nonsuit should have been entered, nor do we think the finding of the jury on these questions was against the weight of the evidence.

The rule for new trial is discharged.